Paul JOHNSON, Appellant

v.

DISTRICT OF COLUMBIA and University of the District of Columbia Board of Trustees, Appellees.

No. 13–7164.

United States Court of Appeals,
District of Columbia Circuit.

May 18, 2015.

Rehearing En Banc Denied
Aug. 31, 2015.

Paul Johnson, Washington, DC, pro se.

Stacy Anderson, Loren L. Alikhan, Todd Sunhwae Kim, Office of the Attorney General, District of Columbia Office of the Solicitor General Washington, DC, for Appellees.

BEFORE: HENDERSON, KAVANAUGH, and WILKINS, Circuit Judges.

### JUDGMENT

PER CURIAM.

■■■ Upon consideration of the record from the United States District Court for the District of Columbia and the briefs filed by the parties, *see* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j), and the motion for appointment of counsel. It is **ORDERED** that the motion for appointment of counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is **FURTHER ORDERED AND ADJUDGED** that the district court's judgment be affirmed. Appellant failed to establish a prima facie case under the Equal Pay Act, because he failed to adduce sufficient evidence that he received unequal pay in comparison to female co-workers. *See Corning Glass Works v. Brennan,* 417 U.S. 188, 195, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974). As to appellant's claims under Title VII of the Civil Rights Act, the Americans with Disabilities Act, and the Rehabilitation Act, appellees offered a legitimate nondiscriminatory reason for not increasing appellant's salary. Appellant has failed to produce evidence sufficient for a reasonable jury to find that the asserted reason was not the actual reason and that appellees intentionally discriminated against him. *See Hamilton v. Geithner,* 666 F.3d 1344, 1351 (D.C.Cir.2012); *Kersey v. Wash.*

*Metro. Area Transit Auth.,* 586 F.3d 13, 16–17 (D.C.Cir.2009). Because appellant does not address the district court's decision concerning his retaliation claim, that claim is forfeited. *See U.S. ex rel. Totten v. Bombardier Corp.,* 380 F.3d 488, 497 (D.C.Cir.2004). Finally, appellant has not shown any abuse of discretion in the denial of his motion to alter or amend the district court's judgment. *See Firestone v. Firestone,* 76 F.3d 1205, 1208–09 (D.C.Cir. 1996).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.